UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ekoko K. Avoki, Francisco K. Avoki, | C/A No. 0:17-cv-1141-DCC |
| Plaintiffs, | |
| vs. | ORDER |
| City of Chester, SC; Police of Chester, SC; United States of America; PTL Covington; John Does I–XXX; | |
| Defendants. | |

Plaintiffs brought this action alleging violations of their civil rights and state law claims. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On August 8, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant United State of America be dismissed from this action without prejudice and without service of process. ECF No. 23. Plaintiffs filed objections to the Report on August 22, 2017. ECF No. 26. Plaintiffs filed a supplement to their objections on August 28, 2017. ECF No. 27.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate recommends that the United States of America be dismissed because Plaintiffs have failed to allege facts that would show the Court has jurisdiction over Plaintiffs' Federal Tort Claims Act ("FTCA") claim. ECF No. 23 at 3. The Magistrate states that Plaintiffs have not alleged any facts regarding the United States, any federal agency, or any federal employee and that Plaintiffs have failed to allege that they have exhausted their administrative remedies. *Id.* at 4. Neither Plaintiffs objections nor the Second Amended Complaint, filed after the issuance of the Report, have cured these deficiencies.

As an initial matter, Plaintiffs have not made any allegations concerning a federal agency or a federal employee. Plaintiffs entire Complaint, Amended Complaint, and Second Amended Complaint involve allegations against the City of Chester, the City of Chester Police Department, and City of Chester employees. ECF Nos. 1, 10, 53. Accordingly, the FTCA is not the proper remedy.

Moreover, the Court notes that Plaintiffs attached an administrative letter and a copy of a Standard Form 95 completed by Plaintiffs, presumably as evidence that they have exhausted their administrative remedies. ECF Nos. 26-1, 26-3. However, an administrative claim must first be filed with the appropriate federal agency, and finally denied by the agency, before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; the Standard Form 95; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the

appropriate Federal agency within two years after such claim accrues"). Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986). Here, Plaintiffs do not allege that they have submitted a Standard Form 95 to an appropriate federal agency[1] or that a federal agency has finally denied their claim. Accordingly, Plaintiffs have failed to allege a plausible claim under the FTCA; thus, the United States of America should be dismissed.

After considering the record in this case, the applicable law, the Report of the Magistrate Judge, and Plaintiffs' objections and supplement, the Court finds Plaintiffs have failed to allege a plausible claim against the United States of America. Accordingly, the Court adopts the Report by reference in this Order and overrules the objections. The United States of America is DISMISSED without prejudice and without service of process.

IT IS SO ORDERED.

| | |
|---|---|
| March 12, 2018 | s/ Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] In the box of the Standard Form 95 that reads "Submit to Appropriate Federal Agency," Plaintiffs list the Mayor of the City of Chester. The Mayor of Chester is not a federal actor or agency.