IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ekoko K. Avoki; Francisco K. Avoki, ) | C/A No. 0:17-1141-DCC-PJG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| City of Chester SC; Police of Chester SC; PTL ) | |
| Covington, *individually*; Doe I-XXX, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiffs Ekoko K. Avoki and Francisco K. Avoki, self-represented litigants, filed this civil action against the named defendants. This matter is before the court on the plaintiffs' motion for subpoenas. (ECF No. 122.) Plaintiffs' motion appears to request subpoenas duces tecum from the South Carolina Department of Motor Vehicles ("SCDMV") and the Hy-Gloss Paint and Body Shop. (Id.)

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that the court may refuse an indigent party's request to have the United States Marshals Service serve a

Rule 45 subpoena *duces tecum* that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). The court notes that, although the plaintiffs have been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiffs' discovery expenses are underwritten or waived. See, e.g., Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). While the plaintiffs' *in forma pauperis* status may permit service of a subpoena *duces tecum* by the United States Marshals Service without prepayment of the cost of service,[1] the court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman, 139 F.R.D. at 605 ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual

---

[1] The plaintiffs are advised that the cost of service by United States Marshals Service is considered an item of cost which may, at the court's discretion, be included as judgment against the plaintiff at the conclusion of the action pursuant to 28 U.S.C. § 1915(f) if the plaintiffs do not prevail. See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981); 28 U.S.C. §§ 1920, 1921(a)(1) (stating that the court may tax as costs fees of the United States Marshals Service, such as the service of subpoenas).

expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiffs should demonstrate that the requested records are obtainable only through the identified third party and that they have made provisions to pay the reasonable costs associated with the discovery they seek. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

In their current motion, Plaintiffs have not presented all of the information necessary for the issuance of a subpoenas *duces tecum*. Specifically, Plaintiffs must:

(1) clearly identify what documents they are seeking and from whom;

(2) explain how the requested documents are relevant to their case;

(3) show that the requested documents are obtainable only through the identified third party;

(4) show that they have arranged for service of their proposed subpoenas *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure or, in the alternative, provide the court with completed USM-285 forms so that service can be effected by the United States Marshals Service (see 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3)); and

(5) demonstrate to the court that they have made provision or have the funds necessary to pay the subpoenaed party for the costs associated with the production of the requested documents.

It is therefore

**ORDERED** that Plaintiffs' motion for subpoenas is denied with leave to re-file to provide the court with the additional information outlined above within fourteen (14) days from the date of this order.

*PJG*

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 19, 2018
Columbia, South Carolina