IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ekoko K. Avoki; Francisco K. Avoki, | C/A No. 0:17-1141-DCC-PJG |
| Plaintiffs, | |
| v. | **ORDER** |
| City of Chester, S.C.; Police of Chester, S.C.; PTL Covington; Doe I-XXX, | |
| Defendants. | |

The plaintiffs, proceeding *pro se*, filed this civil rights action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The plaintiffs filed several motions seeking to file certain documents under seal. (ECF Nos. 163, 188, & 204). The defendants oppose these motions, arguing that the plaintiffs have not made the requisite showing to allow for the requested documents (some of which are not adequately specified) to be sealed. (ECF Nos. 182, 199, & 210.)

In Ashcraft v. Conoco, Inc., 218 F.3d 288 (4th Cir. 2000), the United States Court of Appeals for the Fourth Circuit held that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." Id. at 302 (quoting In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984)). However, the court cannot ignore the presumption in favor of public access to court records. Ashcraft, 218 F.3d at 302; see also Doe v. Public Citizen, 749 F.3d 246, 266 (4th Cir. 2014) (stating that "the First Amendment secures a right of access 'only to particular judicial records and documents,' and, when it applies, access may be restricted only if closure is 'necessitated by a compelling government interest' and

the denial of access is 'narrowly tailored to serve that interest' "). When considering whether to grant a motion to seal documents, the court is required to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft, 218 F.3d at 302.

In the instant case, the public notice requirement has been satisfied by the plaintiffs' filing of their motions to seal, which include non-confidential descriptions of some of the documents they seek to have filed under seal. See Local Civ. Rule 5.03(D) (D.S.C.) (requiring the public be provided notice of a motion to seal and finding the docketing of such a motion to satisfy that requirement). The fourteen-day response period to these motions has since run, providing a sufficient period of public notice, and the defendants filed opposition memoranda to all three motions.

Turning to the remaining factors, the court concludes that, to the extent the documents at issue even approach the confidential nature that may necessitate sealing, reasonable, less drastic alternatives are certainly available. Furthermore, the plaintiffs' motions do not fully comply with the Local Civil Rules in that they fail to adequately provide the information required in Rule 5.03(A). The court has independently reviewed the documents the plaintiffs provided *in camera*[1] and

---

[1] The court notes that the compact disc provided to the court for *in camera* review with ECF No. 188 was blank.

Page 2 of 3

PJG

concludes that the documents do not appear to contain any amount of confidential information.[2] Moreover, to the extent the plaintiffs seek to protect discovery responses, a confidentiality order would suffice.

Accordingly, the court finds that the plaintiffs have failed to show that the public's right to access these documents is outweighed by the plaintiffs' interest, if any, in their nondisclosure.

It is therefore

**ORDERED** that the plaintiffs' motions to seal are **DENIED**. (ECF Nos. 163, 188, & 204.) The Clerk of Court is directed to enter these documents on the public docket eighteen (18) days from the date of this order unless an appeal is filed or the filings are withdrawn.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 9, 2018
Columbia, South Carolina

---

[2] For example, the plaintiffs seek to seal an invoice from a deposition taken during the current litigation and a motion seeking the appointment of a special master to assist in the discovery process.