IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Ekoko K. Avoki; Francisco K. Avoki, )  C/A No. 0:17-cv-01141-SAL-PJG
                                   Plaintiffs, )
v. )
                                     )  **OPINION & ORDER**
City of Chester, South Carolina; Police of )
Chester, South Carolina; PTL Covington; )
Doe I-XXX )
                                 Defendants. )

This matter is before the Court for review of the August 27, 2019 Report and Recommendation of United States Magistrate Judge Paige J. Gossett (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). For the reasons stated herein, this Court adopts the Report in its entirety.

## BACKGROUND

Plaintiffs Ekoko K. Avoki and Francisco K. Avoki's ("Plaintiffs"), appearing pro se, filed this civil rights action *in forma pauperis* under 28 U.S.C. § 1915. The Second Amended Complaint, which is the operative pleading in this matter, was filed on October 17, 2017. [ECF No. 53.] The Magistrate construed the Second Amended Complaint as purporting to assert claims pursuant to 42 U.S.C. § 1983 for denial of due process in violation of the Fourteenth Amendment, false arrest and illegal search and seizure in violation of the Fourth Amendment, and retaliation. [ECF No. 68.] All claims surround two events: (1) the sale of the Plaintiffs' property by the City of Chester at a public auction as a result of delinquent property taxes; and (2) a separate and unrelated incident in which Plaintiff Ekoko Avoki was issued a traffic citation for driving without insurance.

1

The parties submitted cross-motions for summary judgment on all claims. [ECF Nos. 304, 327.] The parties also filed responses in opposition to the opposing party's motion, as well as corresponding replies. [ECF Nos. 313, 334, 318, 336.] The parties were thereafter directed to submit supplemental briefing on whether the court should stay or hold in abeyance the parties' motions as to the Fourth Amendment and retaliation claims. [ECF Nos. 340, 349, 354.]

In the Report, the Magistrate Judge recommends denying Plaintiffs' motion for summary judgment in part [ECF No. 327], granting Defendants' motion for summary judgment in part [ECF No. 304], and staying the case as to Plaintiffs' Fourth Amendment claims, pending ultimate termination of the state court prosecution. [ECF No. 362.] Plaintiffs filed objections to the Report on September 16, 2019 [ECF No. 373], followed by supplemental objections on September 23, 2020 [ECF No. 375].[1] Defendants filed a response to Plaintiff's objections on September 30, 2019 [ECF No. 376]. The matter is now ripe for consideration by this Court.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making

---

[1] Following the September 16, 2020 objections, Plaintiffs filed a supplemental filing titled "Plaintiffs Avoki's Objections to Magistrate's Report and Recommendation Part II: Violation of the 4th Amendment." [ECF No. 375.] While the certificate of service indicates that the Plaintiffs deposited the supplement into the U.S. Mail on September 16, 2019, the corresponding mailing envelope evidences that the postage was not paid until September 21, 2019. *Id.* at 375-7. The supplement was thereafter received by the clerk of court's office on September 23, 2019. Plaintiffs complied with the extended deadline of September 16, 2019, in submitting objections to the Report's recommendation on the Fourteenth Amendment claims and have not outlined any reasons for why they could not meet the extended deadline for objecting to the recommendation on the Fourth Amendment and retaliation claims. The supplemental filing was not timely. *See Major v. Housing Auth. of City of Greenville*, No. 6:12-cv-00183, 2012 WL 3000676, at *2 (D.S.C. July 23, 2012) (noting that "[i]n order for objections to be considered by a United States District Judge, the objections must be timely filed").

a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

### I. Plaintiffs' Objections to Report's Recommendation to Grant Summary Judgment in Favor of Defendants on Fourteenth Amendment Due Process Claim.

The court is required to perform a de novo review of only those portions of the Report specifically objected to by the Plaintiffs. Plaintiffs identify four objections to the Report's conclusion that the court should grant summary judgment in favor of Defendants on the Fourteenth Amendment due process claim. Each objection is addressed, in turn.

Plaintiffs' first objection is difficult to decipher, but it seems to surround events following the July 10, 2015 notice[2] that informed Plaintiffs that the subject property would be sold at public auction on November 10, 2015, if the delinquent taxes were not paid by August 28, 2015. Plaintiffs caption the objection as "Chester City failed to send a Notice for the last deprivation on April 15, 2016 and could NOT send it as they have already pick the FRAUDULENT Option." [ECF No. 373 at p.11 (errors in original).] As acknowledged in the Report, the undisputed evidence in the record establishes that the notice of the public sale was sent via certified mail, return receipt requested, and Plaintiff Francisco Avoki signed the return receipt. The objection does not dispute actual notice of the public sale. Instead, Plaintiffs argue that when the property sold at public

---

[2] The objection references a "Notice of July 15, 2015." This appears to be the date on which Plaintiffs acknowledge receipt of the notice.

auction, they did not receive notice of the transfer to the purchaser and, therefore, they are entitled to summary judgment as a matter of law. *Id.*

This appears to be the Plaintiffs' second attempt to add a new claim to this matter. [*See* ECF No. 362 at p.8 ("The Avokis also now argue, for the first time on summary judgment, that they failed to receive adequate notice of their *right to redeem* the property[.]") (emphasis in original).] This Court does not have a duty to review newly raised claims in objections to a Report. *See Sullivan v. McMaster*, No. 6:18-cv-1425, 2018 WL 3727358, at *2 (D.S.C. Aug. 6, 2018) ("This is a new ground for relief, and the Fourth Circuit has explained that a district court does not have a duty to review newly raised issues in objections to a R&R."); *Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) (holding that there is "no obligation for the district court to hear either of the new claims . . . in objections"). Because Plaintiffs failed to raise a claim for violation of due process for the alleged lack of notice of transfer of the property, it is a "new claim" that is not properly raised in the objections and will not be considered by this Court.

Second, Plaintiffs argue that the Report fails to discuss the purported "crux" of the case, *i.e.*, the right to redeem the property pursuant to S.C. Code Ann. § 12-51-90. [ECF No. 373 at pp.11–13.] The objection overlooks the Report's specific consideration of Plaintiffs' argument that they failed to receive adequate notice of their right to redeem the property. [ECF No. 362 at pp.8–11.] In fact, despite the fact that this theory was raised for the first time in response to summary judgment, the Report discussed the merits of the contention in great detail. This Court agrees with the analysis in the Report.

A municipality or local governmental entity may be liable under Section 1983 for a violation of the constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*,

4

743 F.2d 227, 229 (4th Cir. 1984) (quoting *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). The Report notes, and this Court agrees, that even if Plaintiffs were able to show that they were not given constitutionally adequate notice, they lack sufficient evidence of a City of Chester policy or custom that resulted in the lack of adequate notice of the redemption period. There is only one allegation in the pleading regarding a "policy or custom" and it relates to Kenneth Marsh and the City of Chester purportedly working in concert for the sole purpose of allowing Kenneth Marsh to buy properties and then sell them back to the delinquent taxpayer. [ECF No. 10, Am. Compl. ¶ 21.] The allegation, even if true or otherwise supported by evidence in the record, would not constitute a municipal policy or custom of failing to provide adequate notice of a redemption period. For this reason, Plaintiffs have not identified any evidence to support summary judgment in their favor or defeat summary judgment in favor of the Defendants.

Third, Plaintiffs object to the Report's recitation of one point in the "Background." Namely, Plaintiffs urge that the following point is "totally wrong" and "vigorously disputed:"

> On July 10, 2015, the City of Chester sent Francisco Avoki notice that the property would be sold at a public auction on November 10, 2015 if the delinquent taxes were not paid by August 28, 2015.

[ECF No. 373 at p.13.] According to Plaintiffs, the County of Chester—as opposed to the City of Chester—sent the notice. *Id.* at pp. 13–16. A mere dispute alone does not create an issue for trial. Rather, Rule 56 requires a "genuine dispute as to [a] material fact" to avoid summary judgment. Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In this case, Plaintiffs' contention that the notice was sent by the County of Chester is not enough to create a genuine dispute of material fact for trial.

The issue before the court is whether the City of Chester violated Plaintiffs' due process rights by failing to give them adequate notice of the tax sale. *See Snider Inter. Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 146 (4th Cir. 2014) (stating "procedural due process requires fair notice of impending state action and an opportunity to be heard"). Actual notice is not required to satisfy the requirements of due process. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *see also Plemons v. Gale*, 396 F.3d 569, 573 (4th Cir. 2005) (Due process requires only "efforts 'reasonably calculated under all the circumstances to apprise' a party 'of the pendency' of the deprivation of property.") (citation omitted). Yet, a review of the record indicates that it is undisputed that Plaintiff Francisco Avoki received actual notice of the pending tax sale. According to the Affidavit of the City of Chester's Accounts Payable Clerk, Deborah Ann Watkins, the City of Chester sent the notice and, in return, received a return receipt showing the notice was received and signed for by Francisco Avoki. [ECF No. 304-2 at ¶¶ 3–4.] Plaintiffs fail to present evidence to create a dispute of fact regarding the sworn testimony submitted by Ms. Watkins. For that reason alone, Plaintiffs did not meet their burden to defeat summary judgment in favor of Defendants.

Moreover, Plaintiffs' contention that the notice came from the County of Chester, as opposed to the City of Chester, has absolutely no bearing on whether they received actual notice of the pending tax sale. Plaintiffs were on actual notice that their property was to be sold at public auction if the taxes were not paid. Thus, the argument presented by Plaintiffs falls within the oft-cited rule that "[w]hatever doesn't make any difference, doesn't matter." *Pelczynski v. Orange Lake Country Club, Inc.*, No. 4:11-cv-1829, 2013 WL 504238, at n.11 (D.S.C. Feb. 8, 2013) (citing *McCall v. Finley*, 362 S.E.2d 26, 28 (S.C. Ct. App. 1987)).

## II. Plaintiffs' Untimely Objections to Report's Recommendation to Stay the Remainder of the Case Pending Resolution of the State Court Prosecution.

Plaintiffs' only timely filed objections, ECF No. 373, fail to address the Report's recommendation that this Court stay the remainder of the case pending resolution of the state court prosecution. Having failed to timely object, the Plaintiffs have waived their right to further judicial review. *Major*, 2012 WL 3000676, at *2. In the absence of specific, timely-filed objections, this Court is not required to give any additional explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). At the outset, the Court finds no clear error and believes adoption of the Report is appropriate.

However, as outlined in footnote 1, *supra*, Plaintiffs filed a separate document objecting to the Report's recommendation on the Fourth Amendment and retaliation claims. The certificate of service attached to the supplement suggests that the document was served on September 16, 2019—the extended deadline for objections. [ECF No. 375.] The envelope, in contrast, indicates that the document was not mailed until September 21, 2019. For this reason, the Court finds the supplemental objections are untimely.[3] But given the existence of the signed certificate of service attached to the untimely supplement and Plaintiffs' pro se status, this Court will, in the alternative, perform de novo review of the untimely objections out of an abundance of caution.

First, Plaintiffs object to the stay, arguing that it unduly burdens Plaintiff Francisco Avoki because he is not a party to the state court criminal proceeding. [ECF No. 375 at pp. 2, 17–27.] Plaintiff Francisco Avoki argues that the presence of Defendant Covington inside the "curtilage"

---

[3] Plaintiffs are not prisoners and, therefore, the "prison mailbox rule" would not apply. *See Soliz v. Drew*, No. 8:11-cv-00562, 2012 WL 1825237, at n.1 (D.S.C. Apr. 16, 2012) ("A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court."). They are, however, entitled to the additional three days provided when service is accomplished by mail.

of his property violated the Fourth Amendment and, given that he is not a party to the state criminal proceeding, he should not have to "abide to a proceeding that he is NOT a party. (Chester v. Ekoko Avoki for alleged lack of insurance)." *Id.* Plaintiff Francisco Avoki's argument ignores the fact that the alleged actions of Defendant Covington relate directly to the underlying state criminal proceeding. Because resolution of Plaintiff Francisco Avoki's Fourth Amendment claim requires resolution of issues of fact and law regarding the reasonableness of Defendant Covington's actions under the Fourth Amendment—the same issues that will require resolution in Plaintiff Ekoko Avoki's state case, as well—abstention is appropriate. *See Wallace v. Keto*, 549 U.S. 384, 393–94 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). The stay of Plaintiff Francisco Avoki's claim is in line with this Court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Degen v. United States*, 517 U.S. 820, 823–24 (1996); *see also United States ex rel. Harbor Constr. Co., Inc. v. T.H.R. Enterprises, Inc.*, 311 F. Supp. 3d 797, 805 (E.D. Va. 2018) ("A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket."). Resolving all common issues of fact and law at the same time, within the same case, serves to "achieve the orderly and expeditious disposition" of this case.

Second, the majority of Plaintiffs' objections address the merits of the Fourth Amendment and retaliation claims. [*See* ECF No. 375 at pp.2–17.] Having concluded that the stay was appropriate, this Court further concludes that the Report properly declined to consider the merits of the claims pending resolution of the state criminal proceedings.

**CONCLUSION**

After considering the record in this case, the applicable law, the Report, Plaintiffs' objections, and Defendants' response, the Court finds that the Report applied sound legal principles to the undisputed facts of this case. The Court, therefore, **ADOPTS** the Report in its entirety and incorporates it herein by reference.

Accordingly, as to the Fourteenth Amendment claim, Plaintiffs' motion for summary judgment is **DENIED** [ECF No. 327] and Defendants' motion for summary judgment is **GRANTED** [ECF No. 304]. The Fourth Amendment and retaliation claims are hereby **STAYED** pending ultimate termination of the state prosecution, including any relevant state collateral review proceedings, whether by adjudication on the merits or by a decision of the state at any point to abandon or forego the prosecution.[4] The remaining motions, ECF 392 and 393, are **DENIED** as moot.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

March 5, 2020
Florence, South Carolina

---

[4] Plaintiffs must follow the directives in Footnote 13 of the Report, regarding the lifting of the stay within twenty-one (21) days of the conclusion of Ekoko Avoki's state criminal proceedings, and the filing of a status report, if the state criminal proceeding was not terminated by March 1, 2020. The Court hereby extends the time for filing the status report to March 16, 2020. Plaintiffs are reminded that the failure to file the status report detailing the activity in the state criminal proceeding since the date of the Report may result in sanctions, including dismissal for failure to prosecute.