IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ekoko K. Avoki; Francisco K. Avoki, | C/A No. 0:17-cv-01141-SAL-PJG |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| City of Chester, South Carolina; Police of Chester, South Carolina; PTL Covington; Doe I-XXX | |
| Defendants. | |

This matter is before the court on a motion to reconsider filed by Plaintiffs Ekoko K. Avoki and Francisco K. Avoki ("Plaintiffs") on March 23, 2020. [ECF No. 406.] Plaintiffs ask the court to reconsider its Order, ECF No. 403, adopting and incorporating the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, ECF No. 362. Defendants oppose the motion. [ECF No. 418.] The matter is now ripe for ruling by this court.

Motions to reconsider are governed by Rule 59(e) of the Federal Rules of Civil Procedure. The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pacific Insurance*, 148 F.3d at 403. Relief under Rule 59(e) is "an

1

extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Plaintiffs are asking this court to reconsider its Order to correct an error of law or prevent manifest injustice. Having reviewed Plaintiffs' motion, this court is unable to identify any error of law. Further, the court does not see how reconsidering the Order would prevent a manifest injustice. Plaintiffs' arguments in this motion are the same arguments considered and rejected by the Magistrate Judge in the Report and Recommendation and by this court in adopting the Report and Recommendation. Accordingly, Plaintiffs have not presented any argument which leads this court to reconsider its previous ruling and, therefore, the motion is denied.

The alternative request for "an injunction pending appeal" is also denied. Plaintiffs rely on Rule 62(c) of the Federal Rules of Civil Procedure. Rule 62 governs the stay of proceedings to enforce a judgment. Following the 2018 amendments to Rule 62, subsection (c) provides that "[u]nless the court orders otherwise," "an interlocutory or final judgment in an action for an injunction or receivership" is "not stayed after being entered, even if an appeal is taken." Fed. R. Civ. P. 62(c)(1). Accordingly, Rule 62(c) does not provide any authority or support for entering an injunction. Moreover, the court cannot grant a request for injunctive relief that seeks to bind Deborah Watkins, a nonparty to this case. *See Ledlow & Assocs., Inc. v. Carolina Tomato, Inc.*, No. 3:07-cv-397-FJA, 3:07-cv-398-JFA, 2008 WL 11350225, at *1 (D.S.C. June 4, 2008) (denying request for injunctive relief and finding it could not enjoin a nonparty to the case); *see also Gilchrist v. General Elec. Capital Corp.*, 262 F.3d 295, 301 (4th Cir. 2001) ("While the court has power to protect the *res* before the court, any injunction entered against individuals is an *in personam* action that may be enforced against individuals only over whom the court has

personal jurisdiction."). And, finally, the court finds that Plaintiffs have not set forth any facts or arguments that would allow this court to conclude that they have established—or even can establish—the requirements for a preliminary injunction. *See Winters Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (A preliminary injunction "is an extraordinary remedy never awarded as of right."); *United States v. South Carolina*, 720 F.3d 518, 533 (4th Cir. 2013) ("To obtain a preliminary injunction, a moving party must establish the presence of the following: (1) 'a clear showing that it will likely succeed on the merits'; (2) 'a clear showing that it is likely to be irreparably harmed absent preliminary relief'; (3) the balance of equities tips in favor of the moving party; and (4) a preliminary injunction is in the public interest." (citation omitted)).

For all of the foregoing reasons, Plaintiffs' motion to reconsider, ECF No. 406, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

April 17, 2020
Florence, South Carolina